THE DES MOINES GAS CO. v. THE CHARTER OAK LIFE INS. CO.

THE CHARTER OAK LIFE INS. CO. v. THE DES MOINES GAS CO.

F. R. WEST, TRUSTEE, v. THE DES MOINES GAS CO.

MUNICIPAL BONDS: EVIDENCE CONSIDERED.

*Appeal from Polk Circuit Court.*

FRIDAY, JUNE 13.

A DECREE was entered in these actions in March, 1877, by the Circuit Court, which determined the rights of the several parties thereto as to the validity of certain bonds secured by a mortgage executed by the gas company. The Charter Oak Life Insurance Company was adjudged to be the owner of certain of said bonds. As to fifteen of them the decree provided that any person claiming to own the same might intervene, to the end that the ownership thereof might be determined. Afterward W. M. Sturges and Kate M. Warren filed their several petitions of intervention, the former claiming to own nine and the latter six of said bonds. Issue was joined between the intervenors and the insurance company, and the Circuit Court found for the intervenors and granted them appropriate relief. The insurance company appeals.

*Nourse, Kauffman & Co.,* for appellant.

*C. C. Cole,* for appellee.

SEEVERS, J.—The only question to be determined is one of fact. It is claimed by the insurance company that in 1873 it purchased of Allen, Stephens & Co. the bonds in controversy, and that the same were left in the hands of the latter until July, 1874, when they were delivered to B. F. Allen by mistake.

VOL. LI—45

The intevenor Sturges claims that nine of said bonds were delivered to him in 1874, for the purpose of pledging the same for money borrowed by Sturges for Allen; that the intevenor did borrow nine thousand dollars of G. W. Champlin, and delivered said bonds to him as security therefor ; that the money so borrowed was paid to Allen, but he failed to pay Champlin and that the intervenor did so, and received back the bonds, and now holds the same to indemnify him for the money so borrowed and paid Champlin. Kate M. Warren claims that she got her bonds of Warren, Keeney & Co., who got them of Levi C. and L. J. Pitner, to whom they were delivered in a legitimate business transaction. There is no evidence tending to show that the intevenors had any knowledge, at the time it is claimed they obtained the bonds, of the sale to or ownership of the insurance company. The contest is as to whether the bonds, in fact, belonged to them, or whether they are prosecuting their claim thereto for the use and benefit of Allen. The bonds are in the possession of the intevenors, or their attorney, and the evidence fails to satisfy us they are prosecuting this action for the use or benefit of Allen. The material evidence bearing on this question is that of Sturges, Mrs. Warren, her husband, and Allen, and while their evidence is not as clear and satisfactory as it might be, yet we are constrained to say there is no evidence of an affirmative character which sufficiently shows, in our opinion, that Allen has any interest whatever in these bonds. If he has, it is the appellant's misfortune that evidence in support of such theory could not be obtained.

The bonds have been sufficiently identified as those of the series issued by the Des Moines Gas Company, and but a single series was ever issued and designated "Des Moines City Gas Co." bonds.

The fact that the intervenors are unable to identify the bonds by their date, or that there is some discrepancy between the statements in their petition and evidence as to the time they received them, or because they are unable to state the time they received the bonds with certainty, or are unable to state in whose possession they have been, or who delivered them to the attorney prosecuting this action in their behalf, is not sufficient, when considered in connection with the other testimony, to stamp them as bad faith holders.

While claiming to own nine bonds Sturges failed to produce but seven, and has failed to satisfactorily show that the other two have been lost or mislaid.

Through inadvertence, we think, the Circuit Court adjudged that Sturges owned nine bonds, while the testimony only warranted such finding as to seven. In this respect the decree must be

MODIFIED AND AFFIRMED.